Olger Abel SALTO-SEICO, Petitioner,

v.

Jefferson B. SESSIONS III, United States Attorney General, Respondent.

15-2773

United States Court of Appeals, Second Circuit.

June 26, 2017

FOR PETITIONER: Gregory Osakwe, Hartford, CT.

FOR RESPONDENT: Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Shelley R. Goad, Assistant Director; Nancy K. Canter, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

PRESENT: PIERRE N. LEVAL, ROBERT D. SACK, CHRISTOPHER F. DRONEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Olger Abel Salto-Seico, a native and citizen of Ecuador, seeks review of a March 4, 2015, decision of the BIA affirming a February 5, 2013, decision of the Immigration Judge denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and an August 25, 2015, decision of the BIA denying his motion to reopen. *In re Olger Abel Salto-Seico*, No. A200 897 646 (B.I.A. Mar. 4, 2015), *aff'g* No. A200 897 646 (Immig. Ct. Hartford Feb. 5, 2013); *In re Olger Abel Salto-Seico*, No. A200 897 646 (B.I.A. Aug. 25, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We dismiss the petition for review as to the BIA's March 2015 decision ordering Salto-Seico removed to Ecuador and denying his application for asylum, withholding of removal, and CAT relief. We lack jurisdiction to review that decision because the September 2015 petition for review is untimely to challenge a March 2015 decision. *See* 8 U.S.C. § 1252(b)(1) ("A petition for review must be filed not later than 30 days after the date of the final order of removal."); *Luna v. Holder*, 637 F.3d 85, 92 (2d Cir. 2011). "[T]he filing of a motion to reopen does not toll the time for filing a petition for review of the BIA's final exclusion or deportation orders[.]" *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005).

Salto-Seico's brief raises no arguments with respect to the BIA's denial of reopening. "Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal." *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998). Accordingly, he has waived review of that determination and we deny the petition as to the August 2015 decision. *Id.*;

see also *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DISMISSED IN PART and DENIED IN PART. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).